FILED
United States Court of Appeals
Tenth Circuit

July 17, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAIDON BLAKE, a/k/a Shamvoy
Smith,

      Plaintiff-Appellant,

v.

ARAMARK CORPORATION and
RONDA FORD, Food Service
Administrator, Hutchinson
Correctional Facility,

      Defendants-Appellees.

No. 12-3053
(D.C. No. 5:11-CV-03085-SAC)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

The clerk of the court often seeks to help incarcerated *pro se* litigants in their efforts to comply with our filing rules. But at the end of the day, it is the litigant who must comply with them and we who are obliged to enforce them,

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

particularly when they call into question our jurisdiction to hear the case in the first place.

And that is the problem for Shaidon Blake in this appeal. Mr. Blake filed his notice of appeal thirty-three days after the district court entered judgment against him. That was three days too late. *See* Fed. R. App. P. 4(a). The court clerk's office informed Mr. Blake of the problem, helpfully informed him of ways in which he might invoke the so-called "prison mailbox" rule to overcome it, and gave him two separate opportunities to do just that. But even after all this, Mr. Blake still hasn't satisfied the requirements for invoking the prison mailbox rule and we cannot help but conclude we are without authority to hear his appeal.

In a civil case like this one, a timely notice of appeal is a jurisdictional requirement we have no authority to overlook. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Ordinarily, the notice of appeal must be received by the district court within thirty days. But in the special case of incarcerated prisoners, the notice of appeal is deemed to be filed on the date it is "deposited in the institution's internal mail system," rather than the date the court receives it. *See* Fed. R. App. P. 4(c). This special exception is rooted in the reality that, unlike other litigants, prisoners do not have the opportunity to oversee the delivery process personally and should not be penalized for any delay in the prison's mail processing systems. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

Mr. Blake's notice of appeal was due on March 2, 2012, but wasn't received until March 5. Spotting this potential problem, the clerk of this court issued an order for Mr. Blake to show cause why his appeal should not be dismissed as untimely filed. The order, though, added "that Appellant is incarcerated and could potentially invoke the prison mailbox rule." It further explained that to invoke the prison mailbox rule "Appellant must provide . . . evidence of the date of placing the notice in the prison mail system, which may include a declaration by Appellant made under penalty of perjury of the date of mailing, a certificate of service that complies with the rule and our case law, and/or a copy of the prison mail log showing the date the notice was placed in the mail system." All of this was a correct statement of the law: an inmate has the burden of proving that he timely placed his notice of appeal in the prison mail system, and must do so by, for example, submitting either prison mail room logs or a declaration under penalty of perjury "setting forth the notice's date of deposit with prison officials and attest[ing] that first-class postage was paid." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (quotation omitted).

Mr. Blake did none of this. Instead, he attested only that "[t]his appeal was timely filed on February 15, 2012" (the date that he had listed on his initial notice of appeal). But the conclusory claim that his appeal was "timely filed" on February 15 isn't the same thing as a declaration that he gave the prison officials his pleading on that date. It is this latter bit a prisoner must declare to under

penalty of perjury in order to prove timely filing. *See* Fed. R. App. P. 4(c)(1). To be sure, Mr. Blake also submitted a letter he received on February 21, 2012, from a Kansas state appellate court informing him that it received pleadings from him which "obviously concern[ed] a Federal court matter." Presumably, Mr. Blake included this in his response to show that his notice of appeal was mailed before March 2 but sent to the wrong court. Mr. Blake never explains, though, how this helps his cause. He doesn't allege that someone other than himself (perhaps someone in the prison mail room) was to blame for misdirecting his mail. And though the federal rules provide a procedure for automatically correcting a notice of appeal misdirected to the federal circuit court instead of the district court, that rule does not by its terms extend to erroneous filing with *state* courts. *See* Fed. R. App. P. 4(d).

Even after receiving this deficient response to its first show cause order, the clerk's office gave Mr. Blake another chance to prove timely filing. It told him succinctly and in no uncertain terms that, to pursue this appeal, he needed only "declare under penalty of perjury the date he placed the notice of appeal in the prison mail system and state that he included pre-paid postage."

To all of this, Mr. Blake again failed to respond in a manner that satisfies the rule. He only and irrelevantly stated that the prison does not keep records of outgoing mail and so he was unable to submit prison logs showing the date his filings were placed in the mail. But Mr. Blake did not need prison mail room

records.  He needed only his own sworn statement.  *See* Fed. R. App. P. 4(c)(1).

Despite repeated opportunities to do so, Mr. Blake has failed to provide a

compliant one.  And without it, we cannot help but conclude that Mr. Blake has

failed to carry his burden of showing that his appeal was timely filed.  *See Price*,

420 F.3d at 1165.  The appeal is dismissed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge